### HESTER v. HARLEY.

1. CONTRACTS—MUTUALITY.
   An undertaking by an automobile dealer, in connection with the sale of a touring car, to take it back at a discount of $25 per month, the balance to apply on a sedan, was not void for want of mutuality because the buyer did not agree to turn in the touring car and buy a sedan, since said undertaking was the inducement leading to the purchase of the touring car.[1]

[1] Contracts, 13 C. J. § 183.

2. SALES—BREACH OF CONTRACT—MEASURE OF DAMAGES.

   Where an automobile dealer agreed to take back a tour-
   ing car at a discount of $25 per month and apply the
   balance on the purchase price of a sedan, the buyer's
   damage for the seller's breach of said agreement is the
   difference between the purchase price and the actual value
   of the car at the time of the breach, less $25 per month.[2]

Case-made from Wayne; Dingeman (Harry J.), J.
Submitted January 7, 1925.    (Docket No. 37.)    De-
cided April 3, 1925.

Assumpsit by Frank J. Hester against J. C. Harley,
doing business as the Harley Buick Sales Company,
for breach of a contract of sale.    Judgment for plain-
tiff for less than amount claimed.    He appeals.    Re-
versed, and judgment ordered entered for amount
claimed.

*John A. Hamilton* (*Frank J. Hester,* of counsel), for
appellant.

*Lodge & Brown,* for appellee.

WIEST, J.    December 6, 1919, plaintiff paid defend-
ant $1,629.60 for a Buick touring car and ordered a
Buick sedan, under the following agreement signed by
defendant:

"We will take Buick 1920 touring car back at a dis-
count of $25 per month, balance to apply on purchase
price of new sedan.    Car to be in same condition as
when delivered, except for general wear and tear.
This contract will be subject to the approval of both
parties in the event that we are not able to deliver a
sedan before March 1, 1920.    We will take car back
to apply on 1921 sedan if we are unable to deliver a
1920 model."

Time for performance was extended.    September
25, 1920, defendant breached the agreement.    Plain-

[2]Damages, 17 C. J. § 178 (1926 Anno).

tiff sued, claiming right to recover the difference between the $1,629.60 paid for the touring car and $700, its value at the time of the breach, less the stipulated depreciation of $25 per month. Plaintiff claimed damage in the sum of $679.60, recovered judgment in the circuit for $250, and reviews by case-made.

Is the judgment right? Counsel for defendant contend that the undertaking sued on is unilateral, in that it imposes no obligation on plaintiff to turn in the touring car and take a sedan. This undertaking by defendant was the inducement leading to the purchase of the touring car, and defendant's undertaking, therefore, was not a naked one, was upon a consideration connected with the sale of the touring car, and did not lack mutuality in the sense of excusing performance.

The learned circuit judge fixed the damage at the sum of the stipulated monthly depreciation. If defendant had performed the undertaking at the date of the breach, then plaintiff would have had the use of the touring car at a depreciation loss of $25 per month, and immunity from greater loss. Must plaintiff be content with a recovery of the stipulated monthly depreciation, without other benefit of the agreement? Suppose the undertaking had been to take the touring car back at the full price paid for it, then upon breach would not the damage be the difference between what was paid for the car and its actual worth at the time of breach? Plaintiff sought immunity ·from loss beyond $25 per month and defendant gave him such an undertaking. The $25 per month was but a lessening of defendant's obligation and of plaintiff's right of demand. This monthly stipulated departure of value was not in the nature of damage sustained by plaintiff, for the agreement eliminated such amount of the depreciation. This sum per month was cut from the agreed take-over price of the touring car, and was lost to plaintiff, and such stipulated loss cannot measure his damage for breach of plaintiff's agreement to save

him from all other loss. Defendant may have the stipulated monthly depreciation deducted from the actual depreciation of the car, but must pay the damage suffered by plaintiff by breach of the agreement. Such benefit was to have credit to the full amount paid for the touring car less $25 per month to the time of defendant's breach. Upon this record plaintiff is entitled to recover the difference between what he paid for the touring car and the actual value of the car at the time of defendant's breach, less the stipulated depreciation of $25 per month up to that time, amounting to the sum of $679.60 and have interest thereon from September 25, 1920.

The judgment is reversed and the case is remanded to the circuit with direction to enter such a judgment. Plaintiff will recover costs.

MCDONALD, C. J., and CLARK, BIRD, SHARPE, MOORE, STEERE, and FELLOWS, JJ., concurred.